IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Edward Nash,<br><br>                    Plaintiff,<br><br>v.<br><br>Tom Vilsack,<br><br>                    Defendant. | No.  CV-24-8132-PCT-DMF<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

On July 3, 2024, Plaintiff Benjamin Edward Nash ("Plaintiff"), a non-incarcerated litigant, filed a pro se Complaint (Doc. 1).[1] Plaintiff also filed an Application for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which is a request for leave to proceed in this matter *in forma pauperis*.

This matter was assigned to undersigned United States Magistrate Judge ("Magistrate Judge") (Doc. 6), and Plaintiff later consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (Doc. 13).[2] On August 22, 2024, the

---

[1] "Pro se" is a Latin term, meaning "on one's own behalf" and is commonly used to refer to persons self-representing in court. *Black's Law Dictionary* (12th ed. 2024). The right to appear pro se in a civil case in federal court is authorized by statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

[2] Before appearances and consent of defendants, there is not full consent for a

Court considered and denied without prejudice Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 19). The Court ordered Plaintiff to pay the $405 filing fee in full within twenty-one days of the Court's Order and warned of dismissal if Plaintiff failed to timely pay the filing fee in full (*Id.*).[3] On September 11, 2024, the Court extended the deadline to pay the $405 filing fee in full within twenty-one days of the Court's September 11, 2024, Order and again warned of dismissal if Plaintiff failed to timely pay the filing fee in full (Doc. 20).

The deadline for Plaintiff's payment in full of the $405 filing fee passed several weeks ago (*Id.*). To date, the filing fee has not been paid. As set forth below, it is recommended that this matter be dismissed without prejudice for Plaintiff's failure to timely pay the filing fee.

### I. PERTINENT PROCEDURAL HISTORY AND POSTURE

On July 3, 2024, Plaintiff filed a pro se Complaint as a non-incarcerated litigant (Doc. 1). On the same date as the filing of the Complaint, Plaintiff filed an Application for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which is a request for leave to proceed in this matter *in forma pauperis*. *See* 28 U.S.C. § 1915(a) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.").[4] Plaintiff consented to proceed before a United States Magistrate Judge (Doc. 13).

---

Magistrate Judge to enter dispositive orders. *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Thus, pursuant to General Order 21-25, this Report and Recommendation is made to Senior United States District Judge Stephen M. McNamee.

[3] *See* United States District Court for the District of Arizona Fee Schedule, https://www.azd.uscourts.gov/sites/azd/files/Fee%20Schedule.pdf (last accessed on October 15, 2024) [https://perma.cc/Q6UA-ZAQF].

[4] Plaintiff also requested appointment of counsel (Doc. 5), which the Court denied without prejudice (Doc. 17).

On August 22, 2024, the Court denied without prejudice Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 19). The Court explained:

> The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). An affidavit of indigence may be sufficient "where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Title 28, Section 1915(a) does not define what constitutes insufficient assets, and a plaintiff need not be "absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). However, a plaintiff seeking *in forma pauperis* status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted); *see also Harris v. Arizona Bd. of Regents*, No. CV-16-04029- PHX-DGC, 2016 WL 11528517, at *1 (D. Ariz. Dec. 21, 2016).
>
> After careful review of Plaintiff's Application, the Court finds that Plaintiff does not qualify for in forma pauperis status at this time in this litigation. Given the information in the Application (Doc. 2), the Court finds that Plaintiff is able to pay the filing fee and costs of these proceedings. Plaintiff reports earning $65,000 last year, a current gross monthly income of $4,750.40, over $2000 funds in a checking account, $400 in cryptocurrency, over $200 in a Robinhood investment account, monthly expenses of $1,624.63, and ownership of a vehicle that Plaintiff values at $1,400 (*Id.* at 1-5). Plaintiff has no dependents (*Id.* at 3) and does not receive or appear to need support from another person. Plaintiff reports that he does not expect a change in financial circumstances in the next twelve months (*Id.* at 5). Further, Plaintiff declares that he has not spent any money for expenses or attorney fees in relation to this action (*Id.*). Plaintiff reports unsecured debts of approximately $100,000 and "no installment payments for" the "credit accounts per se" (*Id.*). Nevertheless, Plaintiff's debts do not prevent Plaintiff from paying the filing fee and associated litigation costs given his income, assets (albeit modest assets), and expenses. Further, Plaintiff's recent letter to the Court (Doc. 15), which the Court accepted with the election form (Doc. 13) to reopen the case (Doc. 14), does not reflect change in financial circumstances (Doc. 15).

(*Id.* at 1-2)

On August 22, 2024, the Court ordered Plaintiff to pay the $405 filing fee in full within twenty-one days of the Court's Order and warned of dismissal if Plaintiff failed to

- 3 -

timely pay the filing fee in full (*Id.* at 2-3). On September 11, 2024, the Court extended the deadline to pay the filing fee in full within twenty-one days of the Court's September 11, 2024, Order and again warned of dismissal if Plaintiff failed to timely pay the filing fee in full (Doc. 20). The deadline for Plaintiff's payment in full of the filing fee passed several weeks ago (*Id.*). To date, the filing fee has not been paid. As set forth below, it is recommended that this matter be dismissed without prejudice for Plaintiff's failure to timely pay the filing fee in full.

## II. FAILURE TO PAY FILING FEE AND/OR COMPLY WITH COURT ORDERS

### A. Plaintiff's Failure to Pay Filing Fee Requires Dismissal of this Action Without Prejudice

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914. An action may proceed without the immediate payment of a filing fee only upon granting of *in forma pauperis* status. *See* 28 U.S.C. § 1915. Local Rule of Civil Procedure ("LRCiv") 72.2(a)(4) grants magistrate judges authority to deny an *in forma pauperis* application where "the person requesting such status has expressly consented in writing to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)." *See also* LRCiv 3.3 (requirements for *in forma pauperis* application). Here, Plaintiff consented in writing to Magistrate Judge jurisdiction before the consideration and denial of Plaintiff's *in forma pauperis* application (Docs. 13, 19). Failure to pay the statutory filing fee will result in dismissal of these actions without prejudice. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (explaining that district court has authority to dismiss without prejudice a complaint for failure to pay filing fee); *In re Perroton*, 958 F.2d 889, 896 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).

Plaintiff is not a prisoner within the meaning of 28 U.S.C. § 1915(h), and thus the limitation on dismissals of prisoner suits under 28 U.S.C. § 1915(b)(4) does not apply. Moreover, dismissal without prejudice is hereby recommended for failure to pay statutorily

required fees, where *in forma pauperis* status had already been denied. Accordingly, the Court need not apply a multifactor analysis to exercise its inherent power to dismiss for failure to prosecute or failure to comply with a court order (i.e., (1) interest in expeditiousness; (2) need to manage docket; (3) prejudice: (4) public policy regarding merits; and (5) availability of alternatives). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *cf. Grindling v. Kaaukai*, 851 F. App'x 763, 764 (9th Cir. 2021) (applying five factor analysis to dismissal for either failure to apply for *in forma pauperis* status or failure to pay the filing fee); *Alvarez v. McMillian*, No. CV-22-01248-PHX-DMF, 2022 WL 7713369, at *4 (D. Ariz. Sept. 21, 2022), report and recommendation adopted, 2022 WL 7545188 (D. Ariz. Oct. 13, 2022) (same); *Halloum v. Ryan*, No. CV 11-0097-PHX-RCB (JFM), 2012 WL 12951307, at *2 (D. Ariz. Nov. 28, 2012) (applying five factor analysis to failure to respond to order to pay or show cause).

### B. Failure to Comply with Court Orders Warrants Dismissal Without Prejudice of this Action

Additionally, in the absence of a motion to dismiss from a party, the United States Supreme Court has recognized that a district court has the inherent power to dismiss an action *sua sponte* for failure to comply with court orders or for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962); *c.f.* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). This inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.

To determine whether a plaintiff's failure to comply with a court's orders warrants dismissal, a court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). A "district court abuses its discretion if it imposes a sanction of dismissal without

first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement." *Ferdik*, 963 F.2d at 1262 (internal citations omitted).

Here, the first and second factors weigh in favor of dismissal. Dismissal would allow the Court to manage its docket and would satisfy the "public's interest in expeditious resolution" of Plaintiff's claims. *Henderson*, 779 F.2d at 1423. If Plaintiff does not pay the filing fee in compliance with Court orders, he will delay the resolution of his claims, and the Court will be unable to manage its docket in accordance with applicable law.

As for the third factor, no Defendant has appeared in this action, nor has Plaintiff served any Defendant with the Complaint (Doc. 1). Although the loss of "a quick victory" is not prejudicial, *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000), Defendants should not be forced to defend a case wherein Plaintiff has not followed the proper rules and procedures to initiate the action. The third factor weighs in favor of dismissal.

The fourth factor does not support dismissal because dismissal of Plaintiff's claims at this early stage would not support "the public policy favoring disposition of cases on their merits[.]" *Henderson*, 779 F.2d at 1423.

Finally, as to the fifth factor, alternative sanctions would likely be futile, which weighs in favor of dismissal. In the Court's August 22, 2024, and September 11, 2024, Orders, Plaintiff was ordered to pay the standard $405 filing fee in full, but Plaintiff did not do so (Docs. 19, 20). Indeed, Plaintiff has not made any filings in this matter since the Court's September 11, 2024, Order (Doc. 20).

Importantly, the Court has warned Plaintiff about the possibility of dismissal of Plaintiff's lawsuit if Plaintiff fails to timely comply with this Court's Orders (Docs. 19, 20). Despite the Court's warnings, Plaintiff has not paid the filing fee.

Under the circumstances before the Court, the Court is not convinced that a less strict sanction than dismissal without prejudice would be effective. Plaintiff has failed to pay the filing fee and has therefore failed to comply with two of this Court's orders. Thus, the Court may use its discretion to dismiss this lawsuit, and it is recommended that the Court do so. *See Link*, 370 U.S. at 630-31; *see also RaulFestone v. Halikowski*, No. CV-19-00923-PHX-DMF, 2019 WL 13214765, at *1 (D. Ariz. June 25, 2019) (accepting Report and Recommendation for dismissal based on failure to comply with Court orders and failure to pay filing fee); *Halloum*, 2012 WL 12951307, at *2 (dismissing for failure to pay filing fee).

## III.   CONCLUSION

Because Plaintiff has not paid the filing fee as required by statute and has not paid the filing fee as ordered by the Court, it is recommended that this matter be dismissed without prejudice.

Accordingly,

**IT IS RECOMMENDED** that this matter be dismissed without prejudice and the Clerk of Court be directed to terminate this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to

appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 21st day of October, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge